**Baljit SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72460.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Nov. 12, 2004.

Samuel Maina, Law Offices of S. Ouya Maina, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Emily A. Radford, Esq., Daniel E. Goldman, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Baljit Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals ("BIA"), summarily affirming an Immigration Judge's ("IJ") denial of his application

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review an adverse credibility finding for substantial evidence, *Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000), and we reverse only if the evidence compels a contrary conclusion, *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the IJ's finding that Singh provided unbelievable testimony about how he received the documents purportedly from India and that the documents bear mistakes unlikely to be present on official documents. These discrepancies go to the heart of Singh's proof that he was persecuted as a member of the Shiromani Akali Dal. *See Akinmade v. INS,* 196 F.3d 951, 955–56 (9th Cir.1999) (recognizing that using false documents that go to the heart of an asylum claim can indicate lack of credibility). Accordingly, the record does not compel the conclusion that Singh satisfied his burden of proving eligibility for asylum with credible, direct, and specific evidence. *See Molina–Morales v. INS,* 237 F.3d 1048, 1051 (9th Cir. 2001).

Because Singh did not testify credibly, he did not establish eligibility for asylum. *See Mejia–Paiz v. INS,* 111 F.3d 720, 724 (9th Cir.1997). It follows that he failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Substantial evidence also supports the IJ's conclusion that Singh is not entitled to relief under the Convention Against Torture because he did not demonstrate that it is more likely than not that he would be

* This panel unanimously finds this case suit-

tortured upon return to India. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**DENIED.**